2014 UT App 136

STATE of Utah, in the Interest of J.A.A., J.C.A., J.J.A., and J.E.A., Persons Under Eighteen Years of Age.

N.A., Appellant,

v.

State of Utah, Appellee.

No. 20140224–CA.

Court of Appeals of Utah.

June 12, 2014.

Carol Mortensen, for Appellant.

Sean D. Reyes and John M. Peterson, for Appellee.

Martha Pierce, Guardian ad Litem.

1. The Honorable Pamela T. Greenwood, Senior Judge, sat by special assignment as authorized by

Before Judges GREGORY K. ORME, MICHELE M. CHRISTIANSEN, and PAMELA T. GREENWOOD.[1]

PER CURIAM:

¶ 1 N.A. (Mother) appeals the order terminating her parental rights to her children. We affirm.

¶ 2 "[I]n order to overturn the juvenile court's decision, the result must be against the clear weight of the evidence or leave the appellate court with a firm and definite conviction that a mistake has been made." *In re B.R.*, 2007 UT 82, ¶ 12, 171 P.3d 435 (citation and internal quotation marks omitted). We "review the juvenile court's factual findings based upon the clearly erroneous standard." *In re E.R.*, 2001 UT App 66, ¶ 11, 21 P.3d 680. A finding of fact is clearly erroneous when, in light of the evidence supporting the finding, it is against the clear weight of the evidence. *Id.* Therefore, "[w]hen a foundation for the court's decision exists in the evidence, an appellate court may not engage in a reweighing of the evidence." *In re B.R.*, 2007 UT 82, ¶ 12, 171 P.3d 435.

¶ 3 The juvenile court concluded that several grounds supported termination of Mother's parental rights. Pursuant to Utah Code section 78A-6-507, the finding of a single enumerated ground will support the termination of parental rights. *See* Utah Code Ann. § 78A-6-507 (LexisNexis 2012). Therefore, it is sufficient if the evidence supports any of the grounds for termination found by the juvenile court. The court found that the children had been abused and neglected by Mother, *see id.* § 78A-6-507(1)(b), and that Mother is an unfit or incompetent parent, *see id.* § 78A-6-507(1)(c). The court further found that the children had been in an out-of-home placement under the supervision of the court and the Division of Child and Family Services (DCFS), *see id.* § 78A-6-507(1)(d)(i); that Mother had "substantially neglected, willfully

law. *See generally* Utah Code Jud. Admin. R. 11–201(6).

refused, or has been unable or unwilling to remedy the circumstances that caused the children to be in an out-of-home placement," *see id.* § 78A–6–507(1)(d)(ii); and that "there is a substantial likelihood that [Mother] will not be capable of exercising proper and effective parental care in the near future," *see id.* § 78A–6–507(1)(d)(iii). The court also found that Mother failed in her parental adjustment because she had been unable or unwilling within a reasonable time to substantially correct the circumstances, conduct, or conditions that led to placement of the children outside the home notwithstanding the reasonable and appropriate efforts of DCFS. *See id.* § 78A–6–507(1)(e). Finally, the court found that it was in the best interests of the children that parental rights be terminated. Mother's petition on appeal challenges only the finding that she is an unfit parent. Because the evidence supports one or more of the remaining unchallenged grounds, even a successful challenge to the unfitness determination would not support reversal.

¶ 4 Mother claims that the juvenile court "failed to recognize" the education and insight she gained during the case. However, the detailed findings demonstrate the court's careful consideration of Mother's participation in services. Mother did not timely commence or complete her services, and her service providers did not support a recommendation that the children could be safely returned to Mother's custody over one year after removal. The provider who performed Mother's psychological evaluation opined that the children could not safely return to Mother because they would be exposed to her erratic behavior and further concluded that Mother would require intensive therapy for a year or more to become an adequate parent. Similarly, Mother's therapist did not recommend a return of the children to Mother's custody at the time of trial and testified that Mother would require at least eight to twelve additional months of individual therapy and that Mother and her husband would require the same amount of family and marriage counseling. Although Mother completed parenting classes, the instructor testified that Mother did not internalize or implement what she learned. Mother completed domestic violence counseling, but the court found

that completion came too late in the case to make it safe to return the children. The court also noted that Mother reported no domestic violence to her own counselor but that she shortly thereafter reported to her husband's counselor that his anger issues and behavior had not changed. The juvenile court found that while Mother completed parenting classes, domestic violence treatment, and a psychological assessment, "there is little evidence that [Mother] internalized the material or that she is in any way ready for her children to safely be returned to her." Mother's claim that the juvenile court failed to recognize her progress demonstrates only that she disagrees with the conclusions that the juvenile court drew from the facts before it. The juvenile court's findings amply supported the ground for termination under section 78A–6–507(1)(d) by demonstrating that Mother had been unable to remedy the circumstances that caused the children to be in an out-of-home placement and there was a substantial likelihood that she would not be capable of exercising proper and effective parental care in the near future. Similarly, the findings support the determination that Mother had failed in her parental adjustment.

¶ 5 Mother's claim that the best interests findings are insufficiently supported rests largely upon the fact that the children had multiple foster placements, which the juvenile court found was not in their best interests. The juvenile court also found that DCFS might have done more to avoid having those placements fail. Mother complains that DCFS was not held accountable for failing to provide appropriate services to avoid disruption of the foster placements. Nevertheless, Mother's arguments do not demonstrate that the juvenile court erred in determining that it was in the best interests of the children to terminate her parental rights.

¶ 6 Mother claims that the juvenile court failed to take into account the children's wishes to return home. This is based upon her assertion that multiple sources testified the children wished to return home. The evidence does not fully support that claim. J.C.A.'s foster parents testified that he told them he wanted to return home. However,

his therapist testified that J.C.A. wanted to stay with his foster family and have permanency there and that he has never expressed a desire to return home. The prior therapist for all of the children testified that only J.A.A., who is the oldest child, wanted to return home and that none of the other children expressed a desire to go home. Because J.A.A. is more than twelve years old, his consent to adoption is required. *See* Utah Code Ann. § 78B–6–120(1)(a) (Lexis-Nexis Supp.2013). The juvenile court's detailed findings demonstrate that it gave careful consideration to J.A.A.'s desire to return home and also considered the alternative of leaving parental rights in place. However, the court found that J.A.A. could not be safely returned home as of the time of trial and that as long as parental rights remained in place, J.A.A. would continue to feel a need to return home. The court found that J.A.A. was adoptable and could find permanency in an adoptive home in the future. Even if one or more children hoped to return home, the evidence amply supports the best interests determination and the related finding that they were in appropriate placements that met their needs. The argument that the juvenile court failed to appropriately weigh the children's wishes is not persuasive. Furthermore, the evidence demonstrated that DCFS ensured the foster families would continue to support sibling contact.

¶ 7 Because "a foundation for the court's decision exists in the evidence," we affirm the juvenile court's order terminating Mother's parental rights. *See In re B.R.*, 2007 UT 82, ¶ 12, 171 P.3d 435.